IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JBJ DISTRIBUTORS, LLC<br>EIN: 87-3794568<br>1036 NEDERLAND AVE.<br>NEDERLAND, TX. 77627 | § § § § § § | CASE NO. 23-10459 |
| | § | CHAPTER 7 |
| DEBTOR | § | |
| STEPHEN J. ZAYLER<br>PLAINTIFF | § § § | ADVERSARY PROCEEDING<br>NO. 24-01007 |
| VS. | § § | |
| BRIAN ROMERO<br>DEFENDANT | § § | |

## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
## FILED BY DEFENDANT BRIAN ROMERO

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes Now, Brian Romero, Defendant, and files this his original answer to Plaintiff's Original Complaint (the "Complaint"), and in and support thereof, shows this court the following:

1. Defendant admits the allegations in paragraph 1 of the Complaint.

2. Defendant acknowledges Plaintiff's allegation as to jurisdiction in paragraph 2 of the Complaint, but he lacks sufficient knowledge at this time to admit or deny the allegation.

3. Defendant acknowledges Plaintiff's allegation as to jurisdiction in paragraph 3 of the Complaint, but he lacks sufficient knowledge at this time to admit or deny the allegation.

4. No response is necessary to the allegations in paragraph 4 of the Complaint.

1

Defendant also consents to the entry of final orders or judgment by the bankruptcy judge in this adversary proceeding.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 5 of the Complaint.

6. No response is necessary to the allegations in paragraph 6 of the Complaint.

7. Defendant admits the allegations in paragraph 7 of the Complaint.

8. No response is necessary to the allegations in paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 9 of the Complaint.

10. Defendant admits the allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint is vague, as "at all times relevant to the allegations made in this Complaint" is not defined. Therefore, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 13 of the Complaint.

14. Defendant admits the allegations in paragraph 14 of the Complaint.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 17 of the Complaint.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant admits that he received the letter attached to the Complaint as Exhibit 2, and that he responded to the letter in writing. Defendant denies the remainder of the allegations in paragraph 27 of the Complaint.

28. No response is necessary to the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies, each and every, all and singular, the allegations set out in the Complaint which are not specifically admitted in this document.

37. Defendant denies that he was a creditor of Debtor. All payments made by Debtor to Defendant were payments for services provided by Defendant. All payments made by Debtor to Defendant were in return for a contemporaneous exchange of new value and/or in the ordinary course of Debtor's business.

38. Defendant denies any allegations of fraud and demands that Plaintiff prove the allegations as required by law.

39. On information and belief, Defendant contends that some or all of the loss being sued for by Plaintiff has already been paid by the debtor in another bankruptcy, and the balance of the loss has already been scheduled for payment in another bankruptcy. In the event that Defendant is held responsible for any of the claims described in the Complaint, then he should receive credit for the payments already made toward the loss.

WHEREFORE, Defendant requests that:

1. Plaintiff take nothing from Defendant;

2. Defendant be awarded his costs, including reasonable and necessary attorney's fees incurred in the defense of this suit; and

3. Defendant be granted any other relief, general or specific, legal or equitable, to which he may be entitled.

GRIFFIN & MATTHEWS

/S/ BILL RICHEY
BILL RICHEY
400 Neches at Crockett
Beaumont, Texas 77701
(409) 832-6006 - Telephone
(409) 832-1000 - Facsimile
State Bar Card No. 16874950
ATTORNEYS FOR DEFENDANT
BRIAN ROMERO

## CERTIFICATE OF SERVICE

I certify that on November 26, 2024, a true and correct copy of the document set out above was sent to the following persons and/or entities, in the manner set out below:

/S/ BILL RICHEY
BILL RICHEY

Frank J. Maida
Attorney for Debtor, JBJ Distributors, LLC
Maida Law Firm, P.C.
4320 Calder Avenue
Beaumont, TX 77706
Method of service:
by email at: frank@maidafirm.com

Charles E. Lauffer, Jr.
Attorney for Plaintiff
Ritcheson, Lauffer & Vincent, P.C.
821 ESE Loop 323, Suite 530
Tyler, TX 75701
Method of service:
by email at: charlesl@rllawfirm.net