IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**EOD**

04/06/2026

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JBJ DISTRIBUTORS, LLC,** | § | Case No. 23-10459 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| STEPHEN J.  ZAYLER | § | |
| | § | |
| Plaintiff | § | |
| v. | § | Adversary No. 24-1007 |
| | § | |
| BRIAN ROMERO | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OF DECISION

On this date the Court considered the "Plaintiff's Motion for Summary Judgement Pursuant to F.R.C.P. 56" (the "Motion") filed by Stephen J. Zayler ("Plaintiff") on June 27, 2025, together with the related objection and reply. Plaintiff asks this Court to enter summary judgment finding no genuine issue of material fact that Defendant, Brian Romero, received transfers from JBJ Distributors, LLC ("Debtor") which are avoidable under either 11 U.S.C. § 547(b) or Tex. Bus. & Comm. Code § 24.006(b).  Plaintiff also asks for summary judgment finding that Defendant received from Debtor avoidable transfers under 11 U.S.C. § 548(a)(1)(B)(i) and (ii).  After consideration of the pleadings, proper summary judgment evidence, and the relevant legal authorities the Court concludes that genuine issues of material fact remain. For the reasons explained in this memorandum, Plaintiff's Motion is **DENIED**.

## I.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a).  This Court has authority to enter final orders in this adversary proceeding because it statutorily constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (F), and (O), and meets all

constitutional standards for the proper exercise of full judicial power by this Court.

## II.  Facts and Procedure[1]

Debtor, JBJ Distributors, LLC, is a Limited Liability Company formed in Texas on November 29, 2021.  JBJ Distributors was operated by Josh Deroche as a provider of swimming pool chemicals.  Defendant, Brian Romero, was a friend of Mr. Deroche, and had no experience in the pool industry prior to his involvement in JBJ.

In 2022, Defendant invested in JBJ as a 1/3 owner with Josh Deroche and Jesse Cozad.  Defendant's initial capital contribution was $27,500.00.  Mr. Cozad later left JBJ, leaving Defendant as 50 percent owner of JBJ with Mr. Deroche.

Between July 27, 2022 and July 10, 2023, JBJ made eleven payments to Defendant.  These were as follows:

      7/28/2022:  $ 3,000.00.
      8/5/2022:   $ 3,000.00.
      8/15/2022:  $ 8,000.00.
      9/2/2022:   $ 4,000.00.
      10/14/2022: $ 3,500.00.
      11/21/2022: $ 5,288.00.[2]
      12/28/2022: $ 2,000.00.
      1/30/2023:  $ 5,000.00.
      2/25/2023:  $ 5,000.00.[3]
      4/17/2023:  $ 6,000.00.
      7/10/2023:  $ 5,000.00.

---

1 These facts are presented only as a general factual background to the legal claims asserted in the case.  This section is not intended to resolve any disputed or contested facts.

2 This date in Plaintiff's Motion differs slightly from the date in the account statements attached to the Motion as Plaintiff's Exhibit 4.  *See* Mot., 3-4, 10, ECF No. 13; *cf.* Mot., Ex. 4, ECF No. 13. The Court will follow the transaction dates reflected in the account statements.

3 *Id.*

Debtor filed its chapter 7 bankruptcy in this Court on November 13, 2023.[4]

Plaintiff is the Chapter 7 Trustee in JBJ's bankruptcy case, and was appointed on November 15, 2023.  A first meeting of creditors was held on December 15, 2023.[5]  Defendant did not appear at the meeting of creditors, was not listed as a creditor in Debtor's schedules, and did not file a proof of claim.

After inquiry, on August 2, 2024, Plaintiff sent a demand letter to Defendant seeking return of the disputed payments as "avoidable under Sections 547(b) and/or 548 of the Bankruptcy Code."[6]  Defendant responded *pro se* that he was only a partner, was not a creditor of Debtor, and received the payments for services "rendered in the ordinary course of business."[7]

On October 30, 2024, Plaintiff filed this adversary.[8]  Defendant timely answered.[9]  After discovery, Plaintiff filed this Motion on November 19, 2024.[10]  Defendant objected,[11] and Plaintiff replied.[12]

### III.  Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P.

---

4 *In re JBJ Distributors, LLC*, Case 23-10459.

5 Case 23-10459, ECF No. 4.

6 Case 24-01007, Def.'s Resp., Ex. 6, ECF No. 14.

7 *Id.*, Ex. 7, ECF No. 14.

8 Pl.'s Compl., ECF No. 1.

9 Def.'s Answer, ECF No. 4.

10 Mot., ECF No. 13.

11 Def.'s Resp., ECF No. 14.

12 Pl.'s Reply, ECF No. 15.

56(c)).  Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine dispute of a material fact.  *Celotex*, 477 U.S. at 323.  How the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial.  *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994).  "A fact is material only if its resolution would affect the outcome of the action."  *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).  "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must be resolved in favor of the nonmoving party."  *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  An actual controversy of fact exists where both parties have submitted evidence of contradictory facts.  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

The Trustee bears the ultimate burden of proof at trial regarding his claims for affirmative relief under 11 U.S.C.§ 547.  *Moser v. Bank of Tyler (In re Loggins)*, 513 B.R. 682, 694 (Bankr. E.D. Tex. 2014) (citing 11 U.S.C. § 547(g)).

The Trustee bears the burden on the elements of a voidable transfer on his claims under 11 U.S.C. § 548(a)(1).  *Jenkins v. Chase Home Mortgage Corp. (In re Maple Mortgage, Inc.)*, 81 F.3d 592, 596 (5th Cir.1996); 5 Collier on Bankruptcy P 548.11.  Trustee bears the burden of proof to show actual fraud under section 548(a)(1)(A).  *In re Zedda*, 103 F.3d 1195 (5th Cir. 1997).  Trustee bears the burden of proof to show lack of reasonably equivalent value under section 548(a)(1)(B).  *Waldron v. Moody Nat'l Bank (In re L&D Interests, Inc.)*, 350 B.R. 391, 399 (Bankr. S.D. Tex. 2006) (citing *In re Hannover Corp.*, 310 F.3d 796 (5th Cir. 2002)).  Trustee bears the burden to show insolvency under section 548(a)(1)(B).  *Yaquinto v. Thompson St. Capital Partners (In re Stone Panels, Inc.)*, Nos. 16-32856, 16-03143-hdh, 2021 Bankr. LEXIS 2635, at *16 (Bankr. N.D. Tex. 2021).

The Trustee bears the burden of proof for his causes of action under both Tex. Bus. & Comm. Code § 24.005(a) and 24.006(b).  *Chow v. Lee (In re*

*Lee)*, Nos. 18-42066, 20-4036, 2021 Bankr. LEXIS 3397, at *25 (Bankr. E.D. Tex. 2021).  Creditors have the burden to prove "the elements of fraudulent transfer as to each transfer." *Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 453 (Tex. App.—Dallas 2012, pet. denied); *see also Mladenka v. Mladenka*, 130 S.W.3d 397, 404 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

"In seeking summary judgment to establish the existence of an avoidable transfer, the trustee 'must support its motion with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a directed verdict if not controverted at trial.'" *Loggins*, 513 B.R. at 694 (quoting *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir.1991)).  "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018).

Courts may accept the moving party's version of the facts as undisputed.  *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); *cf. F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged).  This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact.  *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998);  *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989).  Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment.  *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007).  The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## IV. Discussion

The Court finds that Trustee has failed to carry his burden and that the Motion should be denied.   Because genuine issues exist, the Court need not consider the affirmative defenses asserted by Defendant.  *See In re Loggins*, 513 B.R. at 696.

### A.      11 U.S.C. § 547 and Tex. Bus. & Comm. Code § 24.006(b).

Under section 547(b), the Trustee must prove six elements to establish the existence of an avoidable preference.  These are:

(1) a transfer of an interest of the debtor in property;

(2) to or for the benefit of a creditor;

(3) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(4) made while the debtor was insolvent;

(5) made within 90 days of the petition date or, in the case of an insider, within one year of the petition date; and

(6) that enabled such creditor to receive more than it would have receive if the transfer had not been made and the case had proceeded under chapter 7.

11 U.S.C. § 547(b); *see also Union Bank v. Wolas*, 502 U.S. 151, 154 n.6 (1991); *Payne v. Bowers (In re Pickens)*, Nos. 16-40667, 18-4038, 2019 Bankr. LEXIS 3020, at *8 (Bankr. E.D. Tex. 2019); *Loggins*, 513 B.R. at 696.  It is Trustee's burden to show these elements.  11 U.S.C. § 547(g).  Even if the Trustee's burden is met, there are a number of  defenses available to the recipient of a preference.  11 U.S.C. § 547(c).

A Trustee has the power to seek to avoid transfers which are avoidable under state law through 11 U.S.C. § 544(b)(1).  *Valk v. DFW Design & Remodeling, LLC (In re Triplett)*, Nos. 19-42570 (Chapter 7), 21-4109, 2023 Bankr. LEXIS 860, at *14 (Bankr. E.D. Tex. 2023).  In this adversary the Trustee utilizes this power to assert causes of action under Texas law.  Texas' version of the uniform fraudulent transfer act provides that:

A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was

made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Tex. Bus. & Comm. Code § 24.006(b); *see also Osadon v. C&N Renovation, Inc.,* No. 05-17-00453-CV, 2018 Tex. App. LEXIS 3319, at *16 (Tex. App.—Dallas May 9, 2018, pet. denied). This provision is restricted only to transfers " . . . made to an insider . . ." and is not applicable to non-insider transfers. Tex. Bus. & Comm. Code § 24.006(b); *see also Zayler v. Miken Oil, Inc. (In re Slamdunk Enters.)*, Nos. 17-60566, 18-6006, 2021 Bankr. LEXIS 206, at *92 (Bankr. E.D. Tex. 2021).

Plaintiff argues there is no genuine issue that the elements required for avoidance both under section 547(b) and Tex. Bus. & Comm. Code § 24.006(b) are present.[13] Specifically, Plaintiff asserts that (1) Defendant "is, and was at all times" a "creditor" of Debtor,[14] (2) Defendant is an "insider" because Defendant is a 50% owner of Debtor,[15] (3) the payments made between Defendant and Debtor are each a "transfer" as defined under the Bankruptcy Code and TUFTA,[16] (4) which were made for the "benefit of an insider",[17] (5) occurred "within two (2) years of the Petition Date",[18] (6) occurred while Debtor was insolvent,[19] and (7) Defendant had cause to believe that the Debtor was insolvent.[20]

Defendant does not dispute he is a 50% owner of Debtor,[21] nor that the payments in question were made by Debtor to Defendant on the dates

---

13 Mot. at 9, ECF No. 13.

14 *Id.* at 5.

15 *Id.*

16 *Id.* at 3-4.

17 *Id.* at 5.

18 *Id.* at 4.

19 *Id.* at 4,5.

20 *Id.* at 5.

21 Def. Resp. at 3, ECF No. 14.

alleged.[22]  Defendant instead disputes that (1) Debtor was insolvent at the time the transfers were made or that the transfers made Debtor insolvent,[23] (2) Defendant is not a "creditor" of Debtor because the transfers were made for "services that Defendant provided" to Debtor,[24] (3) Defendant is not an insider,[25] (4) even if Defendant is an "insider," the first five payments were made more than one year prior to the petition date,[26] and (5) Defendant had no knowledge of Debtor's financial condition nor reasonable basis to know whether Debtor was insolvent.[27]  Defendant also asserts the transfers were contemporaneous exchanges for new value.[28]

The Court finds that genuine issues of fact remain.  Several of the transfers occurred more than one year prior to the petition date, making section 547(b) unavailable as a basis to avoid those transfers even if Defendant is an insider.  If Defendant is not an insider, then Tex. Bus. & Comm. Code § 24.006(b) is entirely inapplicable.   "Insider" is a defined term. *See* 11 U.S.C. § 101(31); *see also* Tex. Bus. & Comm. Code § 24.002(7).  A member of an LLC is not included in either statutory definition.  These definitions are illustrative rather than exclusive however, and courts have recognized other non-statutory insiders in certain circumstances.  *See In re Essential Fin. Educ., Inc.*, 629 B.R. 401, 430 (Bankr. N.D. Tex. 2021) (citing *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 583 U.S. 387, 389 (2018)).  "In the Fifth Circuit, non-statutory insider status generally focuses on two factors: (1) the closeness of the relationship between the transferee and the debtor; and (2) whether the transactions between the transferee and the debtor were conducted at arm's-length." *Id.* at 430-31 (citing *Browning Interests v. Allison (In re Holloway)*, 955 F.2d 1008, 1011 (5th Cir. 1992)).  There is a genuine issue of

---

22 *Id.*

23 *Id.* at 5-6.

24 *Id.* at 3, 5.

25 *Id*. at 6.

26 *Id.*

27 *Id.* at 3.

28 *Id.* at 3, 4-5.

material fact as to both of these factors.[29]  Plaintiff also does not identify
which transfers are sought to be avoided using section 547(b) as opposed to
Tex. Bus. & Comm. Code § 24.006(b).  The summary judgment evidence
leaves room for disagreement as to whether Defendant was a creditor of the
Debtor, as opposed to the transfers being for "services" performed by the
Defendant.[30]

Plaintiff has not shown conclusively that Debtor was insolvent when
the transfers were made.  The parties do not dispute that the transfers were
made outside the 90 day window during which Debtor is presumptively
insolvent.[31]  *See* 11 U.S.C. § 547(f).  Plaintiff therefore needs to show Debtor
was insolvent.  *See In re Ramba, Inc.*, 416 F.3d 394, 403 (5th Cir. 2005)
("[T]he relevant question for purposes of § 547(b)(3) is whether the debtor was
insolvent as of 'the date of the payment at issue.'") (quoting *Gasmark Ltd.
Liquidating Trust v. Louis Dreyfus Natural Gas Corp.*, 158 F.3d 312, 316  (5th
Cir.1998)); *In re Longhorn Paving & Oilfield Servs., Inc.*, 647 B.R. 679, 698
(Bankr. S.D. Tex. 2022).  The burden is similar under Texas law.  *See In re
SMTC Mfg. of Texas*, 421 B.R. 251, 279 (Bankr. W.D. Tex. 2009).

To show insolvency, Trustee's evidence must demonstrate that Debtor's
financial condition was such that the sum of its debt was greater than all its
assets at a fair valuation.  *See* 11 U.S.C. § 101(32); *see also* Tex. Bus & Comm.
Code § 24.003.  Debtor must have been insolvent when *each* of the transfers
were made.  *See In re Fresh Acquisitions, LLC*, 671 B.R. 171, 210 (Bankr.
N.D. Tex. 2025) (trustee did not meet burden to show that debtor was
insolvent by pointing to singular point in the report, and was therefore not

---

29 The court in *Essential* relied additionally on authority listing "insider factors adopted by
other courts" including whether the debtor-defendant "(1) attempted to influence decisions made by
the debtor; (2) selected new management for the debtor; (3) had special access to the debtor's
premises and personnel; (4) was the debtor's sole source of financial support; (5) generally acted as a
joint venture or prospective partner with the debtor rather than an arm's-length creditor; (6) [had]
control over the debtor's voting stock; (7) [had] managerial control, including personnel decisions and
decisions as to which creditors should be paid; [and] (8) whether the relationship between the debtor
and [the creditor] was the result of an arm's-length transaction." *Essential*, 629 B.R. at 431 (citing
*Official Unsecured Creditors' Comm. of Broadstripe, LLC v. Highland Capital Mgmt., L.P. (In re
Broadstripe, LLC)*, 444 B.R. 51, 80 (Bankr. D. Del. 2010)).

30 *See* Def.'s Resp., at 6, ECF No. 14; Def.'s Resp., Ex. 2, ECF No. 14; Mot., Ex. 2, Def.'s Dep.
21:9-19, 24:1-10, 29:17-25, ECF No. 13; *cf.* Mot. at 5, ECF No. 13; Pl.'s Reply. at 2-3, ECF No. 15.

31 Mot. at 4, ECF No. 13; Def.'s Resp. at 2, 4-5, ECF No. 14.

entitled to summary judgment); *cf. In re SMTC Mfg. of Texas*, 421 B.R. 251, 298 (Bankr. W.D. Tex. 2009).[32]  Plaintiff's summary judgment evidence included bank statements which do not answer the question of insolvency as required, and a profit and loss statement which does not either.  Debtor's bankruptcy schedules show insolvency on the petition date, but there is no evidence that the financial condition on the petition date was the same as when the transfers were made.[33]

The Court finds that Plaintiff is not entitled to summary judgment on these claims because genuine issues of fact remain.

### B.  11 U.S.C. § 548(a)(1)(B)(i)-(ii).

The Trustee's Motion seeks summary judgment on his claims under 11 U.S.C. § 548(a)(1)(B)(i)-(ii).[34]  Trustee asserts that the transfers in question

---

32 Plaintiff asserts there "is no evidence provided that by Romero that JBJ was solvent when the transfers were made." *See* Pl.'s Reply at 3, ECF No. 15.  But, it is the Plaintiff's burden to show that JBJ was solvent at the time that the transfers were made, not Defendant's.

33 Mot., Ex. 4, ECF No. 13.

34 This provisions provides that a trustee:

> may avoid any transfer . . . . of an interest of the debtor in property . . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily–

> (B)

>> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

>> (ii)

>>> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

>>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

>>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

meet the necessary requirements.  Defendant does not dispute the amount nor date of the transfers themselves, but contends that there is insufficient summary judgment evidence proving Debtor received less than the reasonably equivalent value for the transfers.[35]

Defendant is correct.  To prevail, Trustee must prove both that the Debtor received less than reasonably equivalent value, and one of the four circumstances listed in section 548(a)(1)(B)(ii).  Another bankruptcy court recently explained the reasonably equivalent value requirement as follows:

> Reasonably equivalent value is not defined in the Bankruptcy Code. In the Fifth Circuit, to satisfy this element, the debtor must have "received value that is substantially comparable to the worth of the transferred property." *Stanley v. U.S. Bank Nat'l Ass'n. (In re TransTexas Gas Corp.)*, 597 F.3d 298, 306 (5th Cir. 2010) (*quoting BFP v. Resolution Trust Corp.*, 511 U.S. 531, 548, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994)) (internal quotation marks omitted). Reasonably equivalent value is measured from the standpoint of creditors and the proper focus is on the net effect of the transfers on the debtor's estate, and the funds available to unsecured creditors. *Id.* (*citing In re Hinsley*, 201 F.3d 638, 644 (5th Cir. 2000)) (internal citations and quotation marks omitted).

*Seidel v. Neugebauer (In re With Purpose, Inc.)*, Nos. 23-30246-MVL7, 24-03038-MVL, 2025 Bankr. LEXIS 1458, at *69-70 (Bankr. N.D. Tex. 2025). The Court also finds that Plaintiff's allegations are insufficient and fail to establish all the necessary elements required under this section, both as to reasonably equivalent value and any of the circumstances under section 548(a)(1)(B)(ii)(I)–(IV).

---

(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(B)(i)-(ii).

35 Def.'s Resp. at 6, ECF No. 14.

-11-

## V. Issues Precluded from Re-Litigation

For the previously mentioned reasons, Plaintiff's requested judgment in his favor as a matter of law must be denied. Nevertheless, certain facts have been established.  The following facts are relevant to the issues before the Court and have been established in this proceeding under the guidelines of Local District Court Rule CV-56, as incorporated by Local Rule of Bankruptcy Procedure 7056(d).[36] These facts will not be re-litigated at the trial for this adversary proceeding:

1. Plaintiff, Stephen J. Zayler, is the Chapter 7 Trustee in Debtor's Bankruptcy Case.

2. Debtor, JBJ Distributors, LLC, is a limited liability company formed under the laws of the state of Texas on November 29, 2021.[37]

3. Debtor operated as a provider of swimming pool chemicals.[38]

---

[36] Local District Court Rule CV-56 directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to proper summary judgment evidence." It directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence." With regard to the disposition of the motion, the rule states:

> (c) **Ruling**. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

Thus, any failure by a respondent to controvert the material facts set forth in any of the motions or to support such a challenge by references to proper summary judgment evidence, results in the facts as claimed and supported by admissible evidence by the movant "admitted to exist without controversy." E.D. TEX. LOCAL R. CV–56(c).

[37] Mot. at 3,¶ 3.1, ECF No. 13.

[38] Mot. at 3, ¶ 2.1, ECF No. 13.

4. Debtor filed for bankruptcy on November 14, 2023.[39]

5. Defendant, Brian Romero, was an investment partner in JBJ, with an initial capital contribution of $ 27,500.00. Defendant originally owned an initial 33.3% membership interest as an investor in JBJ.[40]

6. Defendant was not involved in the operations of Debtor at the time of his initial investment, and described himself as a "passive investor."[41]

7. On August 1st, 2022, the third investor in JBJ, Mr. Jessie Cozard, left JBJ, making Defendant a 50% owner of JBJ.[42]

8. Defendant was a part owner of Debtor at the time of the Chapter 7 filing, owning a 50% interest in JBJ.[43]

9. Defendant is listed on Debtor's Statement of Financial Affairs (SOFA) as a Partner at the time of filing.[44]

10. Defendant was listed in the K-1 tax filing of Debtor as a "General Partner or LLC Member-Manager" and a "Domestic Partner."[45]

11. Defendant was not listed as a creditor on the Debtor's

---

[39] Mot. at 3, ¶ 3.3, ECF No. 13.

[40] Mot. at 3, ¶ ¶ 3.2, 3.13, ECF No. 13.

[41] Mot. at 5, ¶ 3.13, ECF No. 13.

[42] Mot. at 5, ¶ 3.12, ECF No. 13; Def.'s Resp. at 3, ¶ 7, ECF No. 14.

[43] Mot. at 3, ¶ 3.2, ECF No. 13; Def's Resp. at 3, ¶ 7, ECF No. 14.

[44] Mot., Ex. 3 at 27, ECF No. 13.

[45] Mot., Ex. 5, ECF No. 13; Def.'s Resp. at 3, ¶ 7, ECF No. 14; Def.'s Resp., Ex. 4-5, ECF No. 14.

Schedule F, and did not file a proof of claim in Debtor's Bankruptcy Case.[46]

12.   From July 27, 2022 to July 10, 2023, Debtor made eleven payments to Defendant, totaling $ 49,788.00:

   a.   7/28/22: $3,000.00.
   b.   8/5/22: $3,000.00.
   c.   8/15/22: $8,000.00.
   d.   9/2/22: $4,000.00.
   e.   10/14/22: $3,500.00.
   f.   11/21/22: $5,288.00.
   g.   12/28/22: $2,000.00.
   h.   1/30/23: $5,000.00.
   i.   2/25/23: $5,000.00.
   j.   4/17/23: $6,000.00.
   k.   7/10/23: $5,000.00.

13.   On August 2, 2024, counsel for the Chapter 7 Trustee sent a demand letter to Defendant seeking return of the allegedly avoidable transfers.[47]

14.   Defendant sent a written *pro se* response to counsel for the Chapter 7 Trustee.[48]

15.   On October 30, 2024, Plaintiff commenced this adversary proceeding against Defendant to recover transfers made by Defendant.[49]

16.   Defendant timely answered.[50]

---

46 Mot. at 10, ECF No. 13; Def.'s Resp. at 4, ¶ 14, ECF No. 14.

47 Def.'s Resp., Ex. 6, ECF No. 14.

48 Def.'s Resp., Ex. 7, ECF No. 14.

49 Pl.'s Compl., ECF No. 1.

50 Def.'s Answer, ECF No. 4.

17.   Plaintiff filed his "Motion for Summary Judgment Pursuant to F.R.C.P. 56" on June 27, 2025.[51]

18.   Defendant timely responded to the Motion.[52]

19.   Plaintiff timely replied to Defendant's response.[53]

## VI. Conclusion

Based upon the Court's consideration of the pleadings, the proper summary judgment evidence submitted therewith, the relevant legal authorities, and for the reasons set forth herein, the Court concludes that the "Plaintiff's Motion For Summary Judgment Pursuant to F.R.C.P 56" filed by Plaintiff, is hereby **DENIED**.

Numerous factual issues, however, have been established through summary judgment evidence tendered to the Court.  Because the Court has not granted the relief sought by Plaintiffs' Motion, it is appropriate to state the material facts that are not genuinely in dispute pursuant to FED. R. CIV. P. 56(g).  These established facts as set forth in this Memorandum shall not be re-litigated at the trial for this adversary proceeding.  An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 4/6/2026

_____
THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE

---

51 Mot., ECF No. 13.

52 Def.'s Resp., ECF No. 14.

53 Pl.'s Reply, ECF No. 15.